## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NICOLE WHITE and LAMONT SMALL,** on behalf of themselves and all others similarly situated, <br><br> **Plaintiffs,** <br><br> -against- <br><br> **ADVANCED CARDIOVASCULAR DIAGNOSTICS, PLLC, and PERRY FRANKEL,** <br><br> **Defendants.** | Case No. 22 Civ. 2587 <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiffs Nicole White and Lamont Small (together, "Plaintiffs"), on behalf of themselves and all other similarly situated employees, bring this lawsuit against Defendant Advanced Cardiovascular Diagnostics, PLLC ("ACD"), and Perry Frankel ("Frankel") (collectively, "Defendants") allege as follows for their Complaint:

### INTRODUCTION

1.      Plaintiffs bring this lawsuit to recover unpaid wages, liquidated, and other damages against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") and New York Labor Law, Art. 6 § 190 *et seq.* ("NYLL"), on behalf of all Covid-19 Swabbers and Supply Handlers employed by Defendants between March 2020 to present.

2.      Plaintiffs bring this lawsuit to recover unpaid overtime wages, liquidated damages, and other damages against Defendants for violations of the FLSA and NYLL, on behalf of themselves and all others similarly situated.

3.      Plaintiffs and their co-workers are current and former manual workers employed by Defendants across Long Island and New York City.

4.      Defendants paid Plaintiffs and their co-workers on a biweekly basis, approximately 20 days after the end of the first workweek and 13 days after the second workweek.

5.      As a result, Defendants violated the requirement that manual workers be paid within seven days after the end of the workweek in accordance with NYLL, and the requirement that employees "be paid on the regular pay day" under the FLSA.

6.      Plaintiffs bring the First and Second Causes of Action under the FLSA § 216(b) and NYLL § 198, respectively, for liquidated damages and interest, arising from Defendants violation of the FLSA and NYLL § 191.

7.      Plaintiffs bring the Third Cause of Action under NYLL § 195(3) for Defendants failure to provide accurate wage statements.

8.      Plaintiffs bring the Fourth and Fifth Causes of Action under the FLSA and NYLL because Defendants misclassified Plaintiff Small as exempt, and therefore failed to pay him overtime wages when he worked over 40 hours in a workweek.

9.      Because Plaintiffs and their co-workers are similarly situated and the statute of limitations is continuing to run against them until they file a consent to join in this action, Plaintiffs, seek certification of this matter as a collective action and leave to notify the "FLSA Collective," defined as follows:

> All employees working in the State of New York for Defendants as Covid-19 Swabbers or Supply Handlers, at any time in the three years prior to the filing of this Complaint.

10.     Because the harm suffered by Plaintiffs and their co-workers was widespread, Plaintiffs bring this case as a class action and will seek certification under Federal Rule of Civil Procedure 23 ("Rule 23") for the following "Class":

2

> All employees working in the State of New York for Defendants as Covid-19 Swabbers or Supply Handlers, at any time in the six years prior to the filing of this Complaint.

## JURISDICTION & VENUE

11.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. § 1331 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

12.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

13.     This action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## THE PARTIES

*Plaintiff White*

14.     Plaintiff White worked for Defendants on Long Island and in New York City from approximately January 18, 2021 to June 26, 2021.

15.     Plaintiff White worked as a Covid-19 Swabber from January 18, 2021 through approximately April 11, 2021.

16.     At all times relevant to the Complaint, Plaintiff White was a "manual worker" within the meaning of NYLL § 190(4).

17.     At all times relevant to the Complaint, Plaintiff White was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL §§ 190(2), 651(5).

18.     Plaintiff White has expressed her consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A.

***Plaintiff Small***

19.     Plaintiff Small worked for Defendants as a Supply Handler and Supply Handler Supervisor on Long Island and in New York City from approximately March 2021 through July 2021.

20.     At all times relevant to the Complaint, Plaintiff Small was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL §§ 190(2), 651(5).

21.     Plaintiff Small has expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  *See* Ex. A.

***Defendant Advanced Cardiovascular Diagnostics, PLLC***

22.     ACD is a New York professional limited liability company.

23.     ACD's principal place of business is located at 833 Northern Blvd., Suite 100, Great Neck, NY 11021.

24.     ACD is a medical practice, that offers COVID-19 testing at mobile sites throughout Long Island and New York City.

25.     ACD issued wage statements to Plaintiffs and the Class Members.

26.     At all times hereinafter mentioned, ACD is an "employer" within the meaning of 29 U.S.C. § 201(d)(3) and NYLL §§ 190(3), 651(6).

27.     At all times relevant, ACD maintained control, oversight and direction over Plaintiffs and the Class and Collective Action Members, including timekeeping, payroll and other employment practices that applied to them.

28.     ACD applied the same employment policies, practices, and procedures to Plaintiffs and all Class and Collective Action Members.

29.    At all times hereinafter mentioned, Defendant ACD employed employees, who regularly engaged in commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

30.    ACD's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

### Defendant Perry Frankel

31.    Frankel is a medical doctor, licensed by the State of New York, specializing in cardiology.

32.    Upon information and belief, Frankel is the owner and operator of ACD.

33.    Upon information and belief, Frankel founded ACD.

34.    Frankel holds himself out as the founder of ACD.

35.    Frankel holds himself out as the owner of ACD.

36.    Frankel holds himself out as ACD's medical director.

37.    Frankel is an agent of ACD.

38.    Upon information and belief, Frankel has authority over personnel decisions for ACD.

39.    Upon information and belief, Frankel has authority over payroll decisions for ACD employees.

40.    Upon information and belief, Frankel has the authority to hire and fire employees of ACD.

41.    Frankel promoted Plaintiff White in or about April 2011.

42.    Frankel oversaw the day-to-day operations of ACD.

43.    Frankel supervised Plaintiffs, their coworkers, and ACD's management staff.

44.    Frankel sent work instructions to Plaintiff White via text message.

45.    ACD's termination letter to Plaintiff White listed Frankel as the signee and directed Plaintiff White to direct any questions and concerns to a human resource representative.

46.    Upon information and belief, Frankel has the power to make binding decisions for ACD.

47.    Upon information and belief, Frankel has the power to transfer the assets or liabilities of ACD.

48.    Upon information and belief, Frankel has the power to declare bankruptcy on behalf of ACD.

49.    Upon information and belief, Frankel has the power to enter into contracts on behalf of ACD.

50.    Frankel is an "employer" within the meaning of 29 U.S.C. § 201(d)(3) and NYLL §§ 190(3), 651(6).

## COMMON FACTUAL ALLEGATIONS

51.    Defendants provide on-site, drive up, and mobile Covid-19 testing services. The services included antibody testing and viral PCR and rapid tests.  Defendants provided such services at multiple locations across Long Island and New York City, where Plaintiffs and the members of the FLSA Collective and Class are employed.

52.    Plaintiffs, the FLSA Collective, and the Class are victims of Defendants common policy and plan that violated their rights under the FLSA and NYLL by failing to pay them within seven days after the end of the workweek and provide accurate wage statements.

*Covid-19 Swabbers and Supply Handlers Were Manual Laborers*

53.    Plaintiffs and the Class and Collective Action Members are current or former manual workers.

54.    Covid-19 Swabbers, like Plaintiff White, spend over 25% of their working time on physical labor such as: unloading supplies (e.g., PPE, printers, trash cans, centrifuges, and needles), setting up chairs and tables, conducting Covid- 19 swabbings (which encompass, repeatedly disinfecting areas pre and post patient, inserting swabs into patients' nostrils,) drawing blood and taking patient temperatures, removing trash and biohazardous materials.

55.    Supply Handlers, like Plaintiff Small, spend over 25% of their working time on physical labor such as: loading and unloading supplies (e, g., PPE, printers, trash cans, centrifuges, and needles), setting up chairs and tables, collecting Covid-19 specimens from multiples locations across the Long Island and New York City for testing.

*Defendants Regularly Paid the Class Members Wages Late*

56.    Defendants violated the NYLL by failing to pay Plaintiffs and Class and Collective Action Members within seven days after the end of the workweek as required by NYLL.

57.    For example, Defendants paid Plaintiff Small $1,923.08 on May 7, 2021 for work performed from April 11, 2021 through April 24, 2021.  The two workweeks covered by this pay period ended on April 17 and April 24.  As a result, Defendants did not pay until 20 days after the first workweek ended and 13 days after the second workweek ended.

58.    Likewise, Defendants paid Plaintiff White $1,273.14 on April 9, 2021 for work performed from March 14, 2021 through March 27, 2021.  The two workweeks covered by this pay period ended on March 20 and March 27.  As a result, Defendants did not pay until 20 days after the first workweek ended and 13 days after the second workweek ended.

59.     Defendants applied its delayed payment policy to the Class and Collective Action Members uniformly.

60.     Plaintiffs and the Class and Collective Action Members were uniformly deprived of the time value of their earned wages during periods in which payment was illegally delayed.

61.     Defendants, however, benefited from the delayed payments.  That is, among other things, Defendants reduced its administrative costs by paying less frequently than required and use the extra money they were holding onto as they pleased until payroll was cut.

62.     Plaintiffs are informed, and believe that Defendants unlawful conduct has been widespread, repeated, and consistent as to the Class Members and throughout Defendants operations in New York.

63.     Defendants do not possess a good faith basis for deciding to pay and thereafter continuing to pay its employees' wages biweekly on such a delayed basis.

64.     Defendants were able to pay all wages due on a weekly basis and within seven days after the end of the workweek.

65.     The State of New York has required employers to pay certain manual workers on a weekly basis since the 19th Century.  *See* N.Y. Session Law 1890, Ch. 388 § 1; N.Y. Session Law 1897, Ch. 415 §§ 2, 10.

66.     A reasonable employer inquiring into New York's wage payment rules would know that manual workers are to be paid each week given that, for example, the rules are listed on the Department of Labor's Frequency Asked Questions flyer regarding the Wage Theft Prevention Act     (https://dol.ny.gov/system/files/documents/2021/03/wage-theft-prevention-act-frequently-asked-questions_0.pdf) and many legal, human resource, and employment blogs brought attention

to this issue following the First Department's 2019 decision in *Vega v. CM & Assocs. Constr. Mgmt. LLC*, 175 A.D.3d 1144 (1st Dep't 2019).

67.     Upon information and belief, Defendants do not qualify for the exemption from the NYLL's weekly payment requirement because it does not employ over 1,000 in the state of New York.

68.     Upon information and belief, Defendants did not apply for the exemption.

69.     Upon information and belief, Defendant did not: (a) inquire into whether its biweekly payroll practice complies with the NYLL; (b) take requisite steps to ensure that Plaintiffs and Class Members were paid as per the timely pay requirements of the NYLL; and (c) conduct any study or audit of its compensation practices to ensure that Plaintiffs and the Class Members were paid in compliance with the NYLL's timely payment requirements.

***Defendants Provided Inaccurate Wage Statements***

70.     Defendants violated the NYLL by failing to provide Plaintiffs and Class and Collective Action Members with an accurate wage statement each pay period.

71.     Defendants did not list the actual number of hours Plaintiff Small worked on his wage statements.

72.     For example, on Plaintiff Small wage statement dated May 21, 2021, the hours column is blank.  That is, Defendant did not list any hours worked on her paystub for the workweeks starting on April 25, 2021 and ending on May 8, 2021.

73.     Defendants also failed to provide ACD's address on Plaintiffs' and the Class and Collective Action Members' paystubs.

74.     As a result, Defendants did not furnish accurate statements of, *inter alia*, Plaintiffs' hours worked and ACD's address, as required by NYLL.

## THE FLSA COLLECTIVE ACTION

75.     Plaintiffs bring the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and similarly situated person who work or have worked for Defendants as Covid-19 Swabbers and Supply Handlers, between March 2020 to present, and who elect to opt-in to the action.

76.     Upon information and belief, there are approximately more than 100 current and former employees that are similarly situated to Plaintiffs who were denied timely payment of their wages.

77.     Plaintiffs represent other employees and are acting on behalf of Defendants' current and former employees' interests as well as their own interests in bringing this action.

78.     Defendants were aware or should have been aware that the law required payment of wages within seven days after the end of the workweek, including Plaintiffs and the FLSA Collective.

79.     Members of the FLSA Collective are readily identifiable and locatable through the use of Defendants records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of the timely payment of wages in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## THE RULE 23 CLASS

80.     Plaintiffs bring the Second Cause of Action under Rule 23 on behalf of themselves and the Class Members.

81.    Excluded from the Class are Defendants legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judges to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

82.    Class Members identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to the Class Representative, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

83.    Upon information and belief, the size of the Class exceeds 100 workers.

84.    Defendants acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

85.    This matter is properly maintainable as a class action under Rule 23(b)(3).  There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the putative Class, including but not limited to:

  a.    whether Defendants were required to pay Plaintiffs and Class Members within seven days after the end of each workweek;

  b.    whether Defendants failed to pay Plaintiffs and Class Members on a weekly basis;

  c.    whether Defendants failure to pay Plaintiffs and Class Members on a weekly basis resulted from a reasonable, good-faith belief that its biweekly payroll practice complied with the NYLL; and

     d.     whether Defendants failed to provide accurate paystubs to Plaintiffs and the

Class.

86.     Plaintiffs' claims are typical of the claims of the Class sought to be represented.

87.     Defendants did not pay Plaintiffs and Class Members on a weekly basis.

88.     As per ACD's employee handbook, it was company policy to pay its employees on a biweekly basis.  The handbook states: "Checks are issued bi-weekly and are dated and released every other Thursday."

89.     ACD paid Plaintiffs and the Class for their work according to the same schedule, which was set forth in the employee handbook.

90.     The schedule stated that ACD would pay its employees' biweekly wages 13 days after the conclusion of the first workweek and 20 days after the second.

91.     For example, the first three paychecks would be issues according to the following schedule:

| WEEKS | REIMBURSEMENT DUE | PAY DATE |
|---|---|---|
| 12/20/2020-1/2/2021 | 1/4/2021 | 1/15/2021 |
| 1/3/2021-1/16/2021 | 1/18/2021 | 1/29/2021 |
| 1/17/2021-1/30/2021 | 2/1/2021 | 2/12/2021 |

92.     Defendants did not provide Plaintiffs and Class Members with accurate wage statements.

93.     Defendants acted or refused to act on grounds generally applicable to Plaintiffs and Class Members, thereby making injunctive and/or declaratory relief with respect to the Class appropriate.

94.     Plaintiffs will fairly and adequately represent and protect the interests of the Class.

95.     Plaintiffs understand that, as a class representative, one assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately.  Plaintiffs recognize that as a class representative, one must represent and consider the interests of the Class just as one would represent and consider one's own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the Class.  Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class.  Plaintiffs understand that to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

96.     Plaintiffs have retained Kessler Matura P.C., who are competent and experienced counsel in complex class action employment litigation.

97.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendants.  The members of the Class have been damaged and are entitled to recovery as a result of Defendants common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

98.     This action is properly maintainable as a class action under Rule 23(b)(3).

**PLAINTIFF SMALL'S INDIVIDUAL ALLEGATIONS**

99.    Plaintiff Small also contends that he is due overtime premiums under the FLSA and NYLL and were not provided accurate wage statements, because Defendants:

a.    misclassified Plaintiffs as exempt from the FLSA and the NYLL;

b.    failed to consistently record all the time Plaintiffs worked for the benefit of Defendants, from April 11, 2021 through the end of their respective employment with Defendants; and

c.    failed to pay Plaintiffs overtime wages for all of the hours that they worked in excess of 40 per workweek from April 11, 2021 through the end of their respective employment with Defendants.

100.    Plaintiff Small was employed as a full-time Supply Handler from about March 2021 through July 2021.

101.    From when he was hired through about April 11, 2021, he was paid on an hourly basis.

***Defendants Did Not Pay Plaintiff Small for Overtime Wages***

102.    On or about April 11, 2021, Defendants provided Plaintiff Small with a new job title and reclassified him as exempt from overtime pay.

103.    His job duties effectively remained the same throughout his employment.

104.    Thereafter and through the end of his employment with Defendants, Plaintiff Small was paid a fixed salary regardless of the hours he worked in one workweek.

105.    Throughout his employment with Defendants, regardless of his title, Plaintiff worked over 40 hours a week.

106.    For example, Plaintiff Small worked 134.3 hours, inclusive of 54.3 overtime hours, during the pay period of March 14 through March 27, 2021.  He was paid overtime wages for those 54.3 hours.

107.    After April 11, 2021, Plaintiff Small regularly worked similar hours – well over 40 hours a week. He did so, however, without the benefit of overtime pay.

108.    Throughout the entire duration of his employment, Plaintiff Small's work schedule began as early as 5:30 a.m. and stopped as late as 9:00 p.m.

109.    Plaintiff Small regularly worked six days a week.

110.    Defendants were aware or should have been aware of all the work that Plaintiff performed.

111.    Defendants were or should have been aware that the FLSA and the NYLL required it to pay employees premium overtime pay for all hours worked in excess of 40 per week.

112.    From April 11, 2021 through July 3, 2021, Defendants did not consistently pay Plaintiff Small time and one half for all hours worked over 40 in a workweek in violation of the FLSA and the NYLL.

113.    Defendants' policy of not paying overtime to Plaintiff Small was willful.

114.    Defendants failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff Small for all hours work in excess of 40 hours after reclassifying him.

115.    Plaintiff Small's job duties and hours remained consistent throughout the entirety of his employment as full-time employees.  That is, his duties did not change either before or concurrent with his reclassification as salaried employees.

116.    Plaintiff was never interviewed about his job duties.

117. Upon info and belief, Defendants never completed a study or inquired into whether Plaintiff Small was properly classified as overtime eligible or overtime exempt.

## FIRST CAUSE OF ACTION
### FLSA – Failure to Pay Timely Wages
### (On behalf of Plaintiffs and the FLSA Collective)

118. Plaintiffs incorporates by reference all preceding allegations.

119. Plaintiffs and members of the FLSA Collective are current and former employees entitled to on-time payment of their statutorily required wages after the workweek ends. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

120. Defendants, however, withheld Plaintiffs and the FLSA Collective's federally mandated wages for between 13 and 20 days after the conclusion of the workweek.

121. This delay was pursuant to a companywide policy and practice to pay Defendants' employees on a biweekly basis.

122. Such a delay is inherently unreasonable, as Defendants were required by New York law to pay Plaintiffs and the FLSA Collective within seven days after the end of the workweek.

123. Defendants failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiffs and the FLSA Collective.

124. Defendants had the means to pay Plaintiffs and the FLSA Collective within one week of the end of the workweek but chose not to.

125. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

126. Plaintiffs have expressed their consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). *See* Ex. A (Consents).

127.    As a consequence of the willful delay of wages, alleged above, Plaintiffs and the

FLSA Collective incurred damages and seek to recover interest, liquidated damages, attorneys'

fees, and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Untimely Payment of Wages**
**(On behalf of Plaintiffs and the Class)**

128.    Plaintiffs incorporate by reference all preceding allegations.

129.    Defendants failed to pay Plaintiffs and the Class within seven days after the end of

each workweek as required by NYLL § 191(1)(a).

130.    Defendants have not employed over 1,000 individuals in the State of New York for

one or more consecutives years.

131.    Defendants have not received authorization under NYLL § 191(1)(a)(ii) from the

Commissioner of Labor to pay its employees less frequently than once per week.

132.    Defendants do not possess a good faith basis for believing that its delayed payment

of wages complied with the law.

133.    Due to Defendants violations of NYLL § 191(1)(a), Plaintiffs and the Class are owed

liquidated damages amounting to the value of any late-paid wages during the six years prior to the

filing of this complaint, interest, and reasonable attorneys' fees and costs as provided for by NYLL

§ 198.

**THIRD CAUSE OF ACTION**
**NYLL – Wage Statement Claim**
**(On behalf of Plaintiffs and the Class)**

134.    Plaintiffs incorporate by reference all preceding allegations.

17

135.    NYLL § 195(3) requires employers to furnish each employee with a statement with every payment listing the number of regular hours worked, the number of overtime hours worked, and the employers' address, among other things.

136.    Defendants failed to comply with the wage statement requirements of NYLL § 195(3).

137.    As a result, pursuant to NYLL § 198 Defendants owe each Plaintiff and Class member an amount of damages equal to the lesser of $5,000 or $250 for each work day that the violations occurred to or continued to occur to each respective individual, plus attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**
**FLSA – Failure to Pay Overtime Wages**
**(On behalf of Plaintiff Small)**

138.    Plaintiffs incorporate by reference all preceding allegations.

139.    Plaintiff Small was a non-exempt employee.

140.    Defendants employed Plaintiff Small for workweeks in which Plaintiff Small worked over 40 hours, entitling them to overtime wages under the FLSA.

141.    Defendants failed to pay Plaintiff Small for all overtime hours worked.

142.    Defendants failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff Small for hours worked over 40 hours in a workweek.

143.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff Small incurred damages thereby Defendants are indebted to him in the amount of the unpaid overtime wages, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**NYLL – Overtime Wages**
**(On behalf of Plaintiff Small)**

144.    Plaintiffs incorporate by reference all preceding allegations.

145.    Plaintiff Small was an employee entitled to be paid no less than the applicable minimum wage.

146.    Defendants employed Plaintiff Small in workweeks in which Plaintiffs were paid at a rate of less than one and one-half time his regular rate for all hours worked.

147.    By the course of conduct set forth above, Defendants violated NYLL § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

148.    Defendants' failure to pay all overtime compensation due to Plaintiff was willful or otherwise lacked sufficient good faith within the meaning of NYLL § 663.

149.    As a consequence of the willful underpayment of wages, alleged above, Plaintiff Small incurred damages, thereby and Defendants are indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

150.    Plaintiff Small further seeks the recovery liquidated damages, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests the following relief:

A.    Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Certification of this case as a Class Action under Rule 23;

C.    Appointment of Plaintiffs as Class Representatives;

D.      Appointment of Kessler Matura P.C. as Class Counsel;

E.      Unpaid overtime wages to Plaintiff Small under the FLSA and NYLL;

F.      Liquidated damages;

G.      Statutory damages for failure to provide wage statements under the NYLL;

H.      Attorney's fees and costs of the action;

I.      Pre-judgment interest and post-judgment interest as provided by law;

J.      A declaratory judgment that the practices complained of are unlawful; and

K.      Such other injunctive and equitable relief as this Court shall deem just and proper.

Dated: Melville, New York
       May 5, 2022

                                    Respectfully submitted,


                                    By: /s/ Troy L. Kessler
                                        Troy L. Kessler

                                    **KESSLER MATURA P.C.**
                                    Troy L. Kessler
                                    534 Broadhollow Road, Suite 275
                                    Melville, NY 11747
                                    Phone: (631) 499-9100
                                    Fax: (631) 499-9120
                                    tkessler@kesslermatura.com

                                    *Attorneys for Plaintiffs and*
                                    *the Putative Class and Collective Actions*