FILED
CLERK

February 22, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NICOLE WHITE and LAMONT SMALL,
on behalf of themselves and all others
similarly situated,

                            Plaintiffs,

        -against-


ADVANCED CARDIOVASCULAR
DIAGNOSTICS, PLLC, and
PERRY FRANKEL,

                        Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

22-CV-2587 (AMD) (JMW)

Troy L. Kessler, Esq.
Jocelyn Small, Esq.
**Kessler Matura P.C.**
534 Broadhollow Road
Suite 275
Melville, NY 11747
*Attorney For Plaintiffs*

Danielle Elizabeth Mietus, Esq.
Jasmine Y. Patel, Esq.
**Franklin, Gringer & Cohen, P.C.**
666 Old Country Road
Suite 202
Garden City, NY 11530
*Attorney For Defendants*

**WICKS,** Magistrate Judge:

       Plaintiffs Nicole White and Lamont Small commenced this action against Defendants

Advanced Cardiovascular Diagnostics, PLLC and Perry Frankel on May 5, 2022, alleging

violations of Fair Labor Standards Act, 29 U.S.C § 201 ("FLSA") and New York Labor Law 6 §

190, *et. seq*. ("NYLL")  (DE 1.)  On November 9, 2021, Defendants retained Franklin, Gringer

& Cohen, P.C. ("Firm") to represent them in this matter.  (DE 19.)  Currently, Firm attorneys

Danielle Elizabeth Mietus and Jasmine Y. Patel are counsel of record for Defendants.

The discovery deadlines set forth in the Scheduling Order (DE 12) issued at the July 13, 2022 initial conference were adjourned when the parties, at their request (DE 13), were referred to mediation.  (Electronic Order dated September 18, 2022.)  The mediation did not result in a settlement.  (Electronic Order dated January 3, 2023.)  At the January 9, 2023 status conference, Counsel for Defendants advised they intended to withdraw, and the Court noted that a discovery schedule would be set after the resolution of the anticipated motion.  (DE 18.)

Before the Court is the Firm's motion to withdraw as counsel for Defendants (DE 19), which was served on Defendants along with the Court's January 20, 2023 Order providing Defendants with an opportunity to respond.  (DE 20.)  Defendants, although afforded the opportunity, have not filed any opposition.  Plaintiffs take no position.

For the reasons stated herein, the Firm's motion to withdraw (DE 19) is granted.

## <u>DISCUSSION</u>

Two grounds are advanced in seeking permissive withdrawal here. *First*, the Firm asserts that Defendants have failed to pay legal fees since July of 2022, and *second*, there has been a breakdown of communication between the Firm and Defendants rendering it unreasonably difficult for the Firm to effectively carry out its representation.  (DE 19 at 1.)  The Firm states that during the mediation process it "tried contacting Defendants by phone, letter, and email and has received sporadic responses from Defendants."  (DE 19 at 2 n.1.)  After the failed mediation on January 5, 2023, "the Firm sent Defendants correspondence confirming that" it was withdrawing from representation.  (DE 19 at 2.)  The Firm also asserts that "Defendant Frankel called the Firm on or about January 12, 2023, to acknowledge receipt of same and further stated, in sum and substance, that he understood the Firm has to move forward with its withdrawal."

2

(DE 19 at 2 n.2.)

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the displacement of counsel who have appeared:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

E.D.N.Y. Local R. 1.4.

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court."  *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)).  New York's Rules of Professional Conduct ("NYRPC") [1] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC rule 1.16[b]) and permissive (*see* NYRPC rule 1.16[c]).  The grounds proffered here, an uncooperative client and non-payment of fees, both fall within the permissive bucket (*see* NYRPC rules 1.16[c][5] [2] and [7] [3]).  The American Bar Association Code of Professional Responsibility ("Model Code")

---

[1] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts."  *Steele v. Bell*, No. 11 Civ. 9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

[2] Withdrawal for non-payment is permitted under the rules when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

[3] Withdrawal based upon an uncooperative client is permitted when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively."

provides further guidance on permissive withdrawal of an attorney.[4]  Such circumstances include when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," Model Code 1.16(b)(5), or when "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." *Id.* at 1.16(b)(6).  Both the Model Code and the NYRPC lend guidance as to what grounds constitute good cause to grant such a motion.  *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (citing among others *Joseph Brenner Assocs. v. Starmaker Ent., Inc.*, 82 F.3d 55, 57 (2d Cir. 1996)).

Motions to withdraw based upon the grounds urged here pose the unique challenge for counsel to sufficiently articulate the basis for the withdrawal, while at the same time not divulging confidential or privileged communications or otherwise cause prejudice to the client. *See* N.Y.S.B.A. Ethics Op. 1057 (June 5, 2015) (discussing interplay between motions to withdraw and the duty of confidentiality owed to clients).  The balancing act for any outgoing counsel involves a delicate walk of the tightrope of disclosing sufficient information to establish grounds for withdrawal on the one hand, while not disclosing privileged or client confidences on the other.  In addition, the outgoing lawyer always has the duty to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of a client" (N.Y.R.P.C. 1.16(e)).  So how does counsel thread this needle?   One option is for counsel to seek leave to file an affidavit or declaration under seal explaining in detail the reasons for the withdrawal.  *See, e.g., Team Obsolete Ltd. v. A.H.R.M.A. Ltd.,* 464 F. Supp. 2d 164 (E.D.N.Y. 2006) (defense counsel filed affidavit under seal in support of motion to withdraw).  Here, the Firm has offered

---

[4] Courts in this Circuit look to the Model Code for guidance regarding professional conduct of the bar. *See Arifi v. de Transp. Du Cocher, Inc.*, 290 F. Supp. 2d 344, 348 (E.D.N.Y. 2003) (Glasser, J.).

to provide more detail on an *ex parte* basis as to avoid unnecessarily divulging any confidential specifics. (DE 19 at 4.) The record before the Court, however, which is not opposed by Defendants, provides sufficient details to determine the instant application. Therefore, an *ex parte* submission is unnecessary.

"[A] court may exercise its discretion when determining whether to grant permissive withdrawal or not . . . However, where a client deliberately disregards its obligation to pay attorney's fees then permissive withdrawal is clearly appropriate." *Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB) (JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (citations omitted). Satisfactory reasons for granting withdrawal include the non-payment of legal fees coupled with a client's failure to communicate with counsel. *See, e.g., Harris v. Millington*, No. 2007-CV-3391 (ERK) (MDG), 2008 WL 11438291 (E.D.N.Y. Sep. 18, 2008) (granting withdrawal based on client's failure to pay fees and because of material breakdown in attorney-client relationship); *see also Chase Bank USA, N.A. v. Allegro Law, LLC*, No. 08-CV-4039 (DRH) (WDW), 2011 WL 13302729, at *1 (E.D.N.Y. June 23, 2011) (finding that client's failure to pay legal fees constituted a basis for granting motion to withdraw) (collecting cases). As District Judge Glasser observed, "[c]ourts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." *Team Obsolete Ltd*., 464 F. Supp. 2d at 166 (collecting cases). Furthermore, when a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client, that is sufficient grounds to grant the application. *See Tokarz*, 2005 WL 8161165, at *2 (citation omitted).

Here, the Firm asserts it has performed substantial work on the Defendants' behalf and is owed a substantial sum of money for the services rendered. (DE. 19.) Defendants have not paid

the Firm despite receiving monthly invoices.  (*Id.*)  The Firm notes that if it remains in the case it will be required to perform substantial work with no reasonable expectation of payment especially with discovery on the horizon.  (*Id.*)  Significantly, the Firm is not asserting a retaining lien on the file.  (*Id.*)

The non-payment of outstanding fees is intertwined with the second ground, namely, the breakdown in communication between attorney and client.  The breakdown appears to have occurred when Defendants did not cooperate with counsel during the mediation process, thus causing a deterioration of the attorney-client relationship.  (*Id.*)  *Au fond*, the Firm submits that it is has become unreasonably difficult for the Firm to continue to effectively carry out its representation.  (*Id.*)  The Firm's request comes early on in the litigation, with meaningful discovery yet to ensue, therefore, withdrawal at this stage would not prejudice Defendants.

## CONCLUSION

For the reasons stated above, the Firm's motion to withdraw as counsel for Defendants is hereby granted, and attorneys Danielle Elizabeth Mietus and Jasmine Y. Patel are hereby terminated as counsel of record for Defendants in this action.  All proceedings in this case are stayed until March 24, 2023, so that Defendants can retain new counsel and have aforesaid counsel file a notice of appearance.  Corporate defendant Advanced Cardiovascular Diagnostics, PLLC is reminded that it cannot proceed *pro se*[5] and therefore must have counsel file a Notice of Appearance on its behalf on or before March 24, 2023.

Outgoing counsel is further directed to serve a copy of this Order upon the Defendants at

---

[5] It is well settled that a corporate entity cannot appear *pro se*.  *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997); s*ee also Finkel*, 2006 WL 8439497, at *2 (recognizing that a corporation may not proceed *pro se*, and upon grant of motion to withdraw, permitting time for entity to retain new counsel).

their last known address, and file proof of service on ECF forthwith.  A status conference is scheduled for April 3, 2023, at 12:00 p.m. before the undersigned via Zoom.  The parties are to file a proposed discovery schedule with revised dates and deadlines for the balance of the case on or before March 31, 2023.

Dated:  Central Islip, New York
         February 22, 2023

SO  ORDERED:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge